STATE EX REL. PILOT BUTTE MIN. CO., RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 3,660.)

(Submitted April 19, 1915.    Decided April 28, 1915.)

[148 Pac. 383.]

*Mandamus—Bills of Exceptions—Settlement—Notice.*

Bills of Exceptions—Abbreviation—Omission of Essential Facts.
    1.    While, under section 6788, Revised Codes, all redundant and useless matter should be eliminated from a proposed bill of exceptions, it should not be so far abbreviated as to omit facts without a presentation of which the correctness of the action of the trial court cannot be determined.

    [As to duties the performance of which may be compelled by *mandamus*, see note in 125 Am. St. Rep. 492.]

Same—Settlement—*Mandamus.*

2.   Where in the preparation of a bill of exceptions in a suit in which an injunction *pendente lite* against a mining company, restraining it from extracting ores from disputed veins, was granted, many matters essentially necessary to a proper determination of the question whether the injunction was properly or improperly granted were omitted, the trial court was justified in refusing to settle it, and *mandamus* did not lie to compel it to do so.

Same—Settlement—Notice.

3.   A party is not entitled to have a bill of exceptions settled upon its presentation, without notice to counsel for the opposing party and without an opportunity to the latter to examine the proposed bill or suggest amendments thereto.

Original application by the State at the relation of the Pilot Butte Mining Company for writ of mandate to compel the District Court of Silver Bow County and Jeremiah J. Lynch, a judge thereof, to settle a bill of exceptions.   Dismissed.

*Mr. John J. McHatton,* for Relator, submitted a brief and argued the cause orally.

*Mr. W. B. Rodgers,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In October, 1913, the Anaconda Copper Mining Company commenced a suit against the Pilot Butte Mining Company and sought an injunction restraining the defendant from mining upon, or removing ore from, a vein designated in the record as the Emily vein.   An order to show cause was issued and a hearing had before the district court of Silver Bow county, Judge Lynch, presiding, in June, 1914.   On April 9, 1915, the court entered an order granting an injunction *pendente lite*.   From that order the defendant desired to appeal, and to that end presented to the court on the same day a draft of a proposed bill of exceptions, and asked that the same be allowed, settled and signed.   The request having been denied, the defendant instituted this proceeding in *mandamus* to compel settlement of the proposed bill.   An alternative writ was issued, and upon the return day the district court and judge presented an answer

in which is recited at some length the proceedings had upon the hearing in the district court. The proposed bill of exceptions presented to Judge Lynch recited that the hearing was had upon the pleadings, a stipulation, certain documentary evidence and oral testimony. The pleadings are identified as the complaint, answer and replication. The stipulation was to the effect that the plaintiff owns the Mill View, Badger State and Emily lode claims; the defendant owns the Pilot lode claim, and "that the defendant had been mining from the 2,000 and 1,800 foot levels of the Pilot." The documents offered by plaintiff were the patents to its claims, the record of the patent proceedings, and an apex map and a plan map; those offered by the defendant were the notice of location, the application for patent, and the patent to the Pilot lode claim. The oral testimony is sought to be epitomized in less than two typewritten pages. That offered by the plaintiff is to the effect "that the so-called Emily vein apexed in part in the Emily claim and in part in the Badger State lode claim; that there were two or three separate apexes and veins at the surface in the Emily claim; that the most southerly of said veins passed into the Badger State at a point 574 feet southeasterly from the northwest corner of the Badger State lode claim and 100 feet easterly or southeasterly from the southwest corner of the Emily claim; that this is and was the discovery vein of the Emily claim, and that all of these veins came together on the dip and joined before the 1,000-foot level was reached in the Emily claim, and that downward from said point the vein was one." That offered by the defendant tended "to prove that there was a vein having its apex in the Pilot lode claim, which on its downward course united with the Emily vein above the 1,800 foot Pilot level." The proposed bill recites that defendant objected to the introduction in evidence by the plaintiff of the records of the patent proceedings, except to applications for patent, and reserved an exception to the adverse ruling.

Upon the hearing in this court considerable oral testimony was taken and certain exhibits were introduced. There is not

any substantial conflict in the evidence before us. The effort of
[1]  counsel for the defendant in the court below to eliminate all
useless and immaterial matter meets with our hearty approval.
To have incorporated in the bill the 800 pages of testimony
taken at the hearing in the trial court, or any considerable por-
tion of it, would have merited the most severe rebuke; for it is
apparent that it could not serve any purpose other than to
encumber the record and impose needless work upon this court,
which could not possibly be productive of any result. Section
6788 imposes a duty upon the judge or referee, in settling a
bill of exceptions, to "strike out of it all redundant and useless
matter, so that the exceptions may be presented as briefly as
[2]  possible." In our opinion, however, counsel was over-
zealous in his attempt at brevity, and his proposed bill is insuffi-
cient in several particulars to properly present the exceptions.
The records of the land office proceeding, to the introduction
of which he excepted; the place where, with reference to the
boundaries of the Pilot claim, the work done by the defendant
at the 2,000 and 1,800 foot levels was done; where the veins
or branches of veins, other than the most southerly one, pass
from the Emily claim into the Badger State claim; the course
of these veins on their dip into the ground; whether the Emily
and Badger State claims have parallel end lines; and whether
these veins, or any of them, cut at least one end line of each of
these claims,—these omitted facts and records, and possibly
others, should have appeared.

We are not passing upon the extent of the extralateral rights
to which either the Emily claim or Badger State claim is en-
titled, or determining whether either of these claims has ex-
tralateral rights; but, in our opinion, some of these omitted
facts are, and others may become, of the utmost importance
in determining whether Judge Lynch's injunction order was
broader than it should have been. For instance: If the work
by the defendant upon the 2,000 and 1,800 foot Pilot levels was
not within territory to which plaintiff laid claim by virtue of its

extralateral rights or otherwise, then no excuse existed for an injunction of any character.

Counsel for defendant was in error in insisting that the bill [3] of exceptions be settled *instanter* upon its presentation, without notice to counsel for plaintiff and without an opportunity for them to examine the proposed bill or suggest amendments to or changes in it. Whatever may be the purpose of section 6787, Revised Codes, we are satisfied it was not intended to cover a case of this character. It presupposes a trial or hearing in progress at the time the bill is presented for settlement, and dispenses with notice to the adversary party upon the theory that such party is present, has an opportunity to examine the proposed bill and aid in making it state the facts truly. In all other cases, including the instant case, the procedure prescribed by section 6788 controls, and notice is essential. Indeed, we think no case can arise where a bill of exceptions can be settled *ex parte*.

For the reasons stated, the court was justified in refusing to settle the proposed bill, and this proceeding is dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.